## HASLETT v. RICE et al.

Court of Appeals of Kentucky.
Oct. 31, 1952.

Rehearing Denied Feb. 13, 1953.

Redwine & Redwine, Winchester, Eugene Siler, Williamsburg, for appellant.

H. M. Shumate, Irvine, for appellees.

CULLEN, Commissioner.

Mary Adeline Haslett, individually and in the capacities of executrix of her mother's estate and guardian of her incompetent father, has appealed from a judgment holding that she is not entitled to any rights under an oil lease which her mother had held as assignee of the original lessee. The judgment was based on a determination that the rights under the lease had been lost by abandonment.

The lease was executed in 1921. A number of oil wells were drilled, and the lease was operated profitably for several years. In 1929, the lease was assigned to Mrs. Mary Haslett, mother of the appellant, who was a resident of New Jersey. Mrs. Haslett and her husband continued to operate the lease, through local agents, until January 1943. Operations then ceased, and from that time until December 12, 1947, the lease remained closed down, with no operations of any kind being conducted. On the latter date the landowners executed a new lease to other persons who commenced pumping oil. A year and a half later, this action was instituted by Miss Haslett, asserting her rights under the original lease.

In addition to the fact that the lease had not been operated for more than four years, the claim of abandonment was supported by evidence that Mrs. Haslett and her husband made no effort to keep in contact with their local managing agent, and did not answer his letters, and he was required to employ detectives in an effort to locate them in New Jersey; that the local managing agent endeavored to obtain a lease in his own name from the landowners, stating to them that he considered the Haslett lease dead because they had abandoned the property; and that the landowners wrote a letter to the Hasletts, in the summer of 1946, demanding that operations on the lease be resumed or that the lease be surrendered, and from time to time had made similar demands upon the local managing agent.

In opposition to the claim of abandonment, the evidence for the appellant was that Mr. Haslett became mentally ill in October 1944, and was unable to take care of the business affairs of the family; that Mrs. Haslett was in poor health during 1943 and 1944, became seriously ill in 1945, and died in May 1946; that because of the war conditions, it was impossible to obtain men and equipment to operate the lease from 1943 to 1947, and many leases were required to close down for those reasons during that period; that the Hasletts had a local managing agent, Mr. C. G. Sproul, in charge of the lease during the period it was closed down; and that the equipment on the lease was kept insured through the year 1945. Mr. Sproul denied that he had sought to obtain a new lease in his own name, or had stated that the Haslett lease was dead. It also was denied the landowners had made any demands to resume operations upon the Hasletts or Sproul.

Rebutting the evidence for the appellant, there was evidence for the appellees that it was not impossible to obtain labor or equipment during the years in question, and that many leases continued to operate; that Mr. Sproul was acting merely as a custodian of the equipment, and the Has-

letts did not pay him for the expenses he incurred while the lease was closed down; and that the insurance policy on the equipment was cancelled in 1946 because the Hasletts didn't pay the premium.

We think the facts in this case are comparable to those in Tanner v. Reeves, Ky., 249 S.W.2d 526, and B. & B. Oil Co. v. Lane, Ky., 249 S.W.2d 705, and on the authority of those cases the chancellor was correct in adjudging that the Haslett lease was abandoned.

Judgment affirmed.